IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BERNARD PIERSON, AIS 186623, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23-cv-201-ECM-SMD ) (WO) |
| J. JONES, *et al.,* | ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Bernard Pierson, at the time an inmate at the Lee County Detention Center in Opelika, filed this *pro se* civil action on April 10, 2023. Doc. 1. Because Pierson neither submitted the filing fee with his complaint nor applied for leave to proceed *in forma pauperis*, the Court, on April 11, 2023, entered an order directing him to do one or the other by April 25, 2023. Doc. 2. That order informed Pierson that any motion to proceed *in forma pauperis* must be accompanied by his prison account statement from the account clerk at the facility where he was detained showing the average monthly balance in, and average monthly deposits to, his prison account for the 6-month period immediately preceding the filing of his complaint. Doc. 2 at 2–3. The Court specifically cautioned Pierson that his failure to comply with its order would result in a recommendation that his case be dismissed. *Id.* at 3.

On April 25, 2023, the Court received from Pierson a copy of his inmate account statement for February 1, 2023 through April 20, 2023. Doc. 4. However, Pierson did not submit a motion to proceed *in forma pauperis* as directed by the Court's April 11 Order.

Therefore, on April 26, 2023, the Court entered an order advising Pierson that if he wished to proceed *in forma pauperis* he must a submit a properly completed motion to proceed *in forma pauperis* by May 12, 2023. Doc. 5. The Court cautioned Pierson that his failure to comply with its order would result in a recommendation that the case be dismissed. Doc. 5 at 1–2.

To date, Pierson has not submitted a motion to proceed *in forma pauperis*. Therefore, he has failed to comply with either the April 11 or April 26 Order of the Court.

Because Pierson has failed to file motion to proceed *in forma pauperis* in compliance with the April 11 and April 26 Orders of the Court, the undersigned concludes that this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

Here, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co- Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that **by June 13, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 30th day of May, 2023.

    /s/ Stephen M. Doyle  
STEPHEN M. DOYLE  
CHIEF U.S. MAGISTRATE JUDGE